UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODOLFO PACHECO,

                Plaintiff,

-against-

3OTH PRECINCT, et al.,

                Defendants.

19-CV-11915 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action and seeks leave to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). On January 16, 2020, the Court directed Plaintiff to submit an amended IFP application because he indicated that he is unemployed and has no resources, expenses, or debts, but he failed to explain how he pays for his living expenses. In response to the Court's order, on January 31, 2020, Plaintiff submitted an amended IFP application. For the following reasons, the Court finds that the amended IFP application is also deficient and directs Plaintiff to submit a second amended IFP application.

## DISCUSSION

Under the IFP statute, 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of the filing fees, that is IFP, upon a showing that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1). The statute "insure[s] that indigent persons have equal access to the judicial system," *Hobbs v. Cnty. of Westchester*, ECF 1:00-CV-8170, 107, 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002), and courts "have broad discretion to determine whether a litigant has sufficiently demonstrated poverty," *Alli v. Moore*, ECF 1:14-CV-6597, 60, 2015 WL 5821174, at *1 (S.D.N.Y. Sept. 15, 2015) (citations omitted).

Section 1915(e)(2)(A) provides that the Court shall dismiss a case at any time if it determines that "the allegation of poverty is untrue." The purpose of this provision is to "weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (citations and internal quotation marks omitted). "Dismissal of a case with prejudice, in the context of Section 1915, is a harsh sanction that should be resorted to only in extreme cases." *Choi v. Chem. Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996). A court may dismiss an action under § 1915(e)(2)(A) if a plaintiff intentionally omits his financial information in order to obtain IFP status. *See Cuoco*, 328 F. Supp. 2d at 468 (a person acts in bad faith when he intentionally conceals a source of income in order to obtain IFP status).

Plaintiff's amended IFP application fails to comply with the Court January 16, 2020 order. Similar to his initial application, Plaintiff again asserts that he is unemployed, and that he has no sources of income, no expenses, no property, and no debts. But he also indicates that he provides support for his family. Plaintiff fails to explain how he supports himself and his family, making it impossible for the Court to determine whether he is unable to pay the filing fees. At this stage, it is unclear whether Plaintiff fails to understand the need to fully explain his financial situation to proceed IFP, or if he is concealing sources of income in order to obtain IFP status.

In light of Plaintiff's *pro se* status, the Court will give him one final opportunity to demonstrate that he is unable to pay the filing fees. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings,"

leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit a second amended IFP application. If Plaintiff submits the second amended IFP application, it should be labeled with docket number 19-CV-11915 (CM), and provide facts establishing that he is unable to pay the relevant fees. Plaintiff must answer each question on the second amended IFP application, state all sources of income and all monthly expenses, and describe how he supports himself and his family. If Plaintiff fails to comply with this order the action will be dismissed without prejudice. If the Court grants the second amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff must either pay the $400.00 in fees or submit a second amended IFP application within thirty days from the date of this order. A second amended IFP application is attached for Plaintiff's convenience.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: March 2, 2020
       New York, New York

                                               COLLEEN McMAHON
                                       Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

### SECOND AMENDED APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes  ☐ No  (If "No," go to Question 2.)

   I am being held at: _____

   Do you receive any payment from this institution? ☐ Yes  ☐ No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?  ☐ Yes  ☐ No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment  ☐ Yes  ☐ No
   (b) Rent payments, interest, or dividends  ☐ Yes  ☐ No

    (c) Pension, annuity, or life insurance payments      ☐ Yes      ☐ No
    (d) Disability or worker's compensation payments      ☐ Yes      ☐ No
    (e) Gifts or inheritances      ☐ Yes      ☐ No
    (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.)      ☐ Yes      ☐ No
    (g) Any other sources      ☐ Yes      ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

| Dated | Signature |
|---|---|
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| Address     City | State     Zip Code |
| Telephone Number | E-mail Address (if available) |