UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODOLFO PACHECO,

                Plaintiff,

       -against-

3OTH PRECINCT, et al.,

                Defendants.

19-CV-11915 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

      Plaintiff filed this complaint without the $400.00 in fees required to file a civil action but with a request to proceed without prepayment of the filing fees, that is, *in forma pauperis* (IFP). On January 16, 2020, the Court issued an order concluding that the IFP application was inadequate and directing Plaintiff to submit an amended IFP application. Two weeks later, Plaintiff responded by filing an amended IFP application, which the Court again found deficient. By order dated March 2, 2020, the Court directed Plaintiff, within thirty days, to submit a completed second amended IFP application or pay the filing fees. That order specified that failure to comply would result in dismissal of the complaint. Because Plaintiff did not submit a second amended IFP application or pay the fees, by order and judgment dated May 6, 2020, the Court dismissed Plaintiff's complaint without prejudice. More than four months later, on September 14, 2020, Plaintiff submitted a new IFP application, along with a motion for reconsideration and a declaration in support of the motion. (ECF Nos. 8-10.)

      The Court liberally construes Plaintiff's request for reconsideration as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a

variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff's motion does not address his failure to submit a second amended IFP application in compliance with the Court's March 2, 2020 order. Rather, he asserts the following: "V2K, voice-to-skull, violating my human rights, privacy, and all other rights. They're violating all ethics, I have been injure [sic]. I have been a victim of mass surveillance." (ECF No. 9, at 1.) Plaintiff's declaration continues in the same vein, with assertions that he is being surveilled, "targeted, assault[ed], discrited [sic]," and tortured every day, and that he is "surrounded by this organization" that is using technology that causes him to "experience[e] ringing noices [sic] on [sic] both ears, headaches, [and] body pain through out [sic] [his] whole body." (ECF No. 10, at 1-2.)

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of the motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the

first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint for his failure to comply with the March 2, 2020 order, the motion for reconsideration is denied. Should Plaintiff wish to pursue his claims, he may file a new case accompanied by the required fees or a completed IFP application.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's motion for reconsideration (ECF No. 9) is denied and the Clerk of Court is instructed to terminate Plaintiff's new IFP application (ECF No. 8). The Clerk of Court is also directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 23, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge